IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DENISE MARQUEZ-KENNY,**

    **Plaintiff,**                        **CASE NO.**

vs.

**CITY OF HOLLY HILL,**
**FLORIDA, a Municipality,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DENISE MARQUEZ-KENNY, by and through her undersigned attorneys, and sues the Defendant-Employer, CITY OF HOLLY HILL, FLORIDA, a Municipality ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Venue lies in the Middle District of Florida because the events arose in this judicial district.

## INTRODUCTION

This is an action brought pursuant to Title VII of the Civil Rights Act, as amended ("Title VII"). Defendant discriminated against, harassed, and retaliated against Plaintiff and Plaintiff seeks economic and non-economic damages

including but not limited to back pay, front pay, lost benefits, lost retirement benefits, lost health insurance, emotional distress, pain and suffering, compensatory damages, punitive damages, equitable relief, injunctive relief, and her attorneys' fees and costs.

## ADMINISTRATIVE PREREQUISITES

1. All conditions precedent to bringing this action have occurred.

2. Plaintiff timely filed a dual charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

3. The EEOC forward the Charge to the Department of Justice.

4. Plaintiff has received her "Right to Sue" from the Department of Justice and this lawsuit has been filed within 90 days of the receipt of a "Right to Sue" from the Department of Justice.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

6. At all times material hereto, the Plaintiff, a female, was a resident of Volusia County, Florida.

7. At all times material hereto, the Defendant, CITY OF HOLLY HILL, FLORDIA is a political subdivision and municipality, that employes in excess of

50+ employees, and by definition, is an "Employer" pursuant to the laws under which this action is brought.

8. The Defendant, CITY OF HOLLY HILL, FLORIDA is organized and exists under the laws of the State of Florida.

## GENERAL ALLEGATIONS

9. At all times material hereto, Defendant acted with malice and with reckless disregard for Plaintiff's stated protected rights.

10. At all times material hereto, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

11. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay her counsel a reasonable fee for legal services.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff is now a married Hispanic mother of two children.

14. On September 2, 2005, Defendant hired Plaintiff as a Police Officer. Plaintiff was promoted to Police Corporal on January 21, 2011, and again promoted to Patrol Sergeant on March 2, 2012. Plaintiff currently holds the title of Sergeant in the Community Redevelopment Area.

15. Plaintiff is well qualified for to perform her duties as the Community

Redevelopment Area.

16. After Plaintiff's hiring she was subjected to sexual harassment, a hostile work environment, gender discrimination, and retaliation.

17. The gross sexually harassing and discriminatory comments towards Plaintiff, include but were not limited to the following:

- Sergeant Mitch Dee said to Plaintiff, "Don't your people wear sombreros?" and gestured with his hands in a circular motion for a hat over his head.

- While responding to a home incident where a victim was shot Sergeant Robert Milstead prohibited any officers to be called in for back up.

- In March 2023, Chief Miller (male) at a public relations event while a magician was swallowing a large balloon as part of his act looked at Plaintiff and asked her if her husband's privates were as big as the balloon.

- In February 2024, Captain Yates (male) after making sure that my body camera was muted, asked me, "Who is the female with the long hair and big boobs," referring to a female officer.

18. Plaintiff was in her back office with Lisa Amara when Chief Miller and Captain Yates came into the office and shut off the lights AND locked the

4

door. Chief Miller sat on Plaintiff's lap and started grinding his body of her. He grabbed Plaintiff's hands and used his hands to rub his thighs near his private area, trying to make her touch his penis.

19. Lisa Amara was at this same time being groped by Captain Yates near the office door.

20. Both of Defendant's managers laughed as they walked out of the office.

21. Chief Miller's sexual harassment escalated into him showing Plaintiff his penis.

22. Chief Miller instructed Plaintiff to ride along with him and after he parked in Ross Point Park he told Plaintiff how stressed and horny he was and that he needed to relieve himself. He unzipped his pants and pulled out his penis and began to masturbate. After Chief Miller had cum, he zipped up his pants as if nothing had happened.

23. Chief Miller would threaten Plaintiff's position and Plaintiff felt and feared that she would lose her job or suffer some other form of retaliation if she did not appease him or comply with his requests.

24. Chief Miller's behavior was intimidating, aggressive, and unpredictable.

25. Chief Miller several times stopped in Plaintiff's office and told her

how stressed he was, which was code for him that he needed to relieve himself in a sexual way. He would ask Plaintiff to touch his penis. He would ask Plaintiff to suck his penis. He asked Plaintiff to join he and his wife for a threesome.

26. The City of Holly Hill Police Department has a boy's club/good ole boy network that has been well established for years.

27. Captain Yates has long-favored male officers and given them promotion opportunities overqualified females.

28. It took Plaintiff twice as long as her counterpart Sergeant Bentley (male) to reach the promotion to Sergeant.

29. Plaintiff's training officer, Corporal Jerry Potash (male), said to Plaintiff, "things were not done that way," as he pushed his fingers into her forehead causing her forehead to jerk back. This reprimand was witnessed by other male officers in the briefing.

30. A male officer was not reprimanded by Captain Yates for screaming and cussing at Plaintiff stating, "he was a forty-year-old man who demanded fucking respect," as he disrespected Plaintiff's respect.

31. Other incidents of discrimination were that Plaintiff requested Captain Yates truck be assigned to her when he was being assigned a new vehicle. Plaintiff was denied this request despite her work needs for such a vehicle. The work truck was assigned to Captain Yates' personal friend, Sergeant Bentley.

32. Plaintiff work was scrutinized while other male officers were not.

33. Plaintiff was denied the opportunity to attend a FEDS class even though she had requested it twice.

34. Once again Sergeant Bentley was given preferential treatment when he was appointed as a board member for the Beacon Center. Plaintiff had requested this position and was denied.

35. Plaintiff was interviewed as part of an IA investigation into a female officer, Kelsey Longpre-Palm's complaints of sexual harassment and gender discrimination. Plaintiff reported complaints of her own experience with sexual harassment and gender discrimination that she had suffered and testified at the IA investigation as to what she knew regarding the complaints of Kelsey Longpre-Palm.

36. Since Plaintiff was interviewed by IA, she has been retaliated against by being instructed that within 48 hours she would have to change from her Monday through Friday 7:00 a.m. – 3:00 p.m. position of Community Redevelopment Area to working having her hours changed to 6:00 p.m. to 6:00 a.m. as the function of filling in for Sergeant Bentley. Defendant could of and had in the past selected a lower ranked officer to temporarily fill this role. Plaintiff's requested to be put back on day shift more than once and her requests were denied. Approximately 6 months later Plaintiff was finally restated back to her former

7

position and hours.

37. Plaintiff reported to the City Manager that she was uncomfortable working with Investigator/Training Coordinator Ballentine after he made the remark about an event titled "Laura Mitchell Day" and he stated, "We are going to get her drunk and laid... not in that order." Plaintiff was offended, disgusted and surprised that after all of the bad press regarding sexual harassment and the IA investigation that this conduct still permeated the department.

38. After reporting her complaints to the City Manager, she was retaliated further by Investigator/Training Coordinator Ballentine creating an uncomfortable and hostile work environment. He showed little to no interest in assisting Plaintiff, he exhibited facial expressions and body language that conveyed contempt for Plaintiff. Prior to the IA investigation, Investigator/Training Coordinator Ballentine would assist Plaintiff.

39. Tom Bentley at the time of the events was in a supervisory role and has been given special privileges and work benefits while Plaintiff continues to suffer from retaliation.

40. Plaintiff now is a married mother of two children, was afraid of losing her job. Plaintiff was retaliated against after reporting sexual harassment and discrimination. No action was taken to protect Plaintiff after her complaints.

## COUNT I
## FCRA HARASSMENT

8

41. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-40.

42. Plaintiff is a member of a protected class under the Florida Civil Rights Act, due to her sex.

43. Defendant, through their managers harassed Plaintiff on the basis of her sex.

44. The harassment suffered by Plaintiff was severe and pervasive and created a discriminatorily hostile and abusive working environment.

45. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiffs on account of sex in violation of the Florida Civil Rights Act.

46. Defendant knew, or should have known, of the harassment and failed to take remedial action to stop it.

47. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

    a. Back pay and benefits.

    b. Interest on back pay.

    c. Front pay and/or loss of earning capacity.

      d.      Compensatory damages, emotional pain and suffering.

      e.      Injunctive relief and reinstatement.

      f.      Prejudgment interest.

      g.      Punitive damages.

      h.      Attorneys' fees and costs.

      i.      For any other relief this Court deems just and equitable.

      j.      Judgement for supplemental damages to offset the tax impact of lump sum damages awarded as provided under federal law.

## COUNT II
## TITLE VII – GENDER DISCRIMINATION

48. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-40.

49. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act because she is female.

50. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of sex by subjecting her to disparate treatment in the workplace and in her termination, in violation of the Title VII of the Civil Rights Act.

51. Men were not treated in this manner and if Plaintiff were a man, she would never have been harassed.

52. Defendant knew or should have known, of the discrimination.

53. The discrimination described above was done willfully, was malicious, and done with a reckless disregard for Plaintiff's rights under federal law.

54. As a result of the unlawful discrimination above, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits.

b. Interest on back pay.

c. Front pay and/or loss of earning capacity.

d. Compensatory damages, emotional pain and suffering.

e. Injunctive relief and reinstatement.

f. Prejudgment interest.

g. Punitive damages.

h. Attorneys' fees and costs.

i. For any other relief this Court deems just and equitable.

j. Judgement for supplemental damages to offset the tax impact of lump sum damages awarded as provided under federal law.

## COUNT III
## TITLE VII – RETALIATION

55. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-40.

56. The plaintiff is a member of a protected class under Title VII of the Civil Rights Act.

57. Plaintiff engaged in protected activity to Human Resources when she complained about the sexual harassment and discrimination being done towards her by Defendant's managers.

58. Shortly after her complaints and in retaliation for her complaints, Defendant treated her differently and gave Plaintiff her first write up.

59. Defendant knew or should have known, of the discrimination and retaliation.

60. The retaliation described above was done willfully, was malicious, and done with a reckless disregard for Plaintiff's rights under federal law.

61. As a result of the unlawful retaliation above, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits.

    b. Interest on back pay.

    c. Front pay and/or loss of earning capacity.

    d. Compensatory damages, emotional pain and suffering.

    e. Injunctive relief and reinstatement.

    f. Prejudgment interest.

    g.    Punitive damages.

    h.    Attorneys' fees and costs.

    i.    For any other relief this Court deems just and equitable.

    j.    Judgement for supplemental damages to offset the tax impact of lump sum damages awarded as provided under federal law.

Respectfully submitted this <u>31st</u> day of January 2025.

    Respectfully Submitted,

    CHANFRAU & CHANFRAU

    <u>/s/ *Kelly H. Chanfrau*</u>
    Kelly H. Chanfrau, B.C.S.
    Florida Bar No. 560111
    Taylor G. Carley, Esq.
    Florida Bar No. 1022466
    701 N. Peninsula Drive
    Daytona Beach, FL, 32118
    Telephone: 386-258-7313
    Facsimile: 386-258-8783
    Primary Email: Kelly@Chanfraulaw.com
    Secondary Email: Taylor@Chanfraulaw.com
    Secondary Email: Melanie@Chanfraulaw.com
    ATTORNEYS FOR PLAINTIFF